And we'll hear argument next in Pfizer v. United States, 17-2307. Good morning, Your Honors. Robert Walton for Pfizer, the appellant. May it please the Court. This case is a case for overpayment interest. Pfizer filed its 2008 tax return, had an overpayment in excess of $700 million. It requested $500 million of that back. The government claims to have mailed six checks to Pfizer. Pfizer received none of them. Nearly six months later, Pfizer received a wire transfer of the money, and it did not receive the time value of that money while the government held the $500 million. What was the reason given by the government to refuse to pay the interest after that? They have said that they met their obligation under the law. By what? By sending out the six letters? Or the six checks? We did not get that far along to get a full explanation. They have denied that the interest was due because they have followed their procedure to make certain the check was mailed. This Court in Doolin addressed the exact issue on the merits of this case that Judge Walker is discussing and held that Pfizer is entitled to interest in this case because the refund was not properly tendered. That if you do not receive the checks, it wasn't a proper tender, and therefore they're entitled to the interest. This appeal raises two issues. The first is, did the district court properly exercise jurisdiction concurrent with the Court of Federal Claims over an overpayment interest claim? The second is whether the district court erred in applying the two-year refund statute to a claim for overpayment interest, which is generally subject to the six-year statute because no other statute of limitations . . . And you asserted that jurisdiction existed under 1346. Is that correct? That is correct. And you continue to assert that? Yes. And the district court properly followed the Sixth Circuit in Scripps and in Ford and held that overpayment interest is any sum related to an excessive amount. The $500 million was an excessive payment. Pfizer did not receive a timely refund of that amount. And when they received that amount, they should have been paid interest on it. And they're entitled to the interest under what provision, 2611? It's Section 6611 of the Internal . . . 6611. 6611 under the Internal Revenue Code. And Section 6611 itself is a waiver of sovereign immunity for so that Pfizer can proceed to collect that interest. It's also the substantive right to that interest. And it contains no statute of limitations? There is no statute of limitations applicable to that other than the general statute of limitations. Which is six years. Which is six years. And that's what the case in the Sixth Circuit held? The Sixth Circuit in Scripps and Ford dealt with it jurisdictionally. Oh, they didn't get into the . . . They did not address the statute of limitations question. Mr. Schofield, as I understand it, said once you elect this jurisdictional route, 1346, then certain statute of limitations principles arise, particularly when there's a disallowance. And as I understand it, the IRS's disallowance of the refund claim was in May 2013. Is that correct? That is correct, Your Honor. And her analysis was that you had two years from that disallowance to file your claim? That was the district court's analysis and that was where the district court erred. There is no requirement for Pfizer to have made that claim for refund. And in the applicable revenue rulings, the IRS has stated that filing a claim for refund does not change the six-year statute. The six-year statute applies and it always applies. And the fact that a parallel, a separate provision which contains similar language has a two-year statute of limitations is not dispositive because there's nothing in the language of the provision you're working under that contains a two-year provision. That's correct, Your Honor. That's 7422, is it? Yes. 7422 is a waiver of sovereign immunity for taxpayers seeking a tax refund. Tax refund. So the taxpayer pays money in either that it owes a tax or it pays interest in. Then you have to follow the refund procedures. This isn't a tax refund. It's a claim on a general debt that is owed by the government. Yes. It's overpayment interest, which is governed by a separate set of rules. And it's cognizable in both the tax court and district court and in the court of claims. The overpayment interest by itself is not a remedy in the tax court. Not in the tax court. Excuse me. Yes. But I meant the district court and the court of claims. Yes. And they are courts of concurrent jurisdiction. And that's specified in the provision that you're, the principal provision, 1346A. Yes. Judge Hall. Since it is, it seems to me you're coming into district court saying this is a tax claim, but you don't want to be bound by the two-year statute of limitations applicable to tax claims. Why am I wrong? Because this is an overpayment interest claim. It is a tax claim. So if it's an overpayment interest claim, why aren't you in the court of claims? Because the district court has concurrent jurisdiction over the court of claims on these matters. As the government admits in our brief on page 25. Because it's a tax claim. On page 25 of their brief, they admit the six-year statute applies. And then they, in the rest of their brief, arguing that it does not apply. Pfizer met the two . . . By the way, they sent you a letter on August 4th, 2014, in which they specified that the six-year period for filing suit under 2401 and 2501 applies to your claim. Yes, that's correct. Right. And the district court here has concurrent jurisdiction over these claims. All the other courts that have looked at this issue have said the six-year statute applies to overpayment interest. That's the court of federal claims, the Federal Circuit. And the Southern District of Iowa, in the Lyons case, followed the appropriate analysis here. Because no claim for refund is necessary, you don't get to Section 7422 at all. 7422 only applies in situations where you are filing a claim for refund and you want to enforce that claim. Could you have bought this suit under 1491? Yes. But you did not. Correct. I think what your argument is, is that there are no ramifications to pursuing a suit under 1346 as opposed to 1491. That is correct. There are courts of concurrent jurisdiction. And in the district court here, the government has admitted, if Pfizer were seeking one dollar of refund, they could get that dollar refund and overpayment interest in the district court. But they're saying since they're- The statute of limitations, whatever statute of limitations exists in connection with 1346, we should ignore because these are courts of concurrent jurisdiction and the statute of limitations, the six-year statute of limitations applicable to the general debt under 1491, that's what applies. Yes. And the GE- What if you had brought the claim for one dollar and the interest? Does the same hold? Then the two-year statute would clearly apply for the dollar. No. But for the interest, the six-year statute would apply. Because the only way you get to the six-year statute is if no other statute of limitations applies. Aren't you making the point that also that as a statutory matter, you don't have to jump through hoops to find that it's a six-year statute? The other side has to jump through hoops to find that it's a two-year statute because they have to rely on other provisions that are not implicated by this provision. That is correct, Your Honor. In addition, the district court cited no authority for its position. The government has cited no case that holds a two-year statute applies. Any case that has looked at the statute of limitations on when overpayment interest may be collected, they've applied the six-year statute. Are those cases 1491 cases or are they 1346 cases? There are both. Which ones are the 1346 cases? The Lyons case in the Southern District of Iowa is a 1346 case. There is a circuit case that involves a 1346 case where the six-year statute has been applied? No, Your Honor. There is a circuit case in a 1491 context. They are courts of concurrent jurisdiction, and the fact that you would have two different sets of statute of limitations applying to a claim. See, my problem is, look, for whatever reason, it's a separation of powers issue, Congress decided to do one thing in connection with the 1346 suit and another thing in connection with the 1491 suit. You could, I think you've acknowledged, pursue the 1491 route and gotten the benefit of a six-year statute of limitations. I see that. But you're telling me that there are no ramifications, notwithstanding the difference in language of the two statutes, to pursuing a 1346 route. You know, there's a principle called election of remedies. When you go down one route, you sort of close these other avenues. Why isn't that true here? Because there is no requirement under 1346 that you have to file a claim for refund. And overpayment interest does not require a claim for refund. And once you, because there's no requirement to file a claim for refund, you just don't get to 7422. The provisions under 1346, while parallel in terms of talking about the tax matters covered, 1346 does not have a predicate that you file a claim for refund, and 1346 doesn't say that 7422 is your exclusive waiver of sovereign immunity. The FISA met the two-part sovereign immunity analysis here with Section 6611 entitling them to the interest and with 1346A1 giving the district court jurisdiction over the matter. Discretion being the better part of valor, why don't you just have us send you to the Court of Claims where you can have your six-year statute of limitations and no questions asked? Because Doolin is controlling authority in this circuit and it entitles FISA to win on the merits as well. The district court is a court of concurrent jurisdiction. If you hold . . . Does it prevent us from doing what Judge Hall just suggested? If you hold that the court lacked jurisdiction, transfer to the Court of Claims is proper. Thank you. I believe you've reserved three minutes for rebuttal, and we'll hear from the government. Good morning, Your Honors. May it please the Court, Christine Poscoblo, United States Attorney's Office for the Government. Tell me, right at the outset, why are we having this case? Why hasn't this been paid? Your Honor, that is something that is still in the midst of discovery. Discovery had begun in the district court. Issue. The IRS has taken the position that it did, in fact, mail the refund checks, and that is what is part of what would be discovered during . . . if this case proceeds to the merits. If they didn't mail the refund checks, then you would agree that the interest should be paid up to the present time? The statute 6611 does provide for interest on a tax overpayment from the time that the . . . Correct. Yes. Without having all of the background that discovery would allow in this case, we would agree that Pfizer would be entitled to interest to the extent that the refund checks were not sent. But you're fighting this on other grounds. You're fighting it on jurisdictional grounds and statute of limitations grounds. Right. The issue here is that . . . I know what the issues are. That's what you've been asking us to do. But ultimately, on the merits, you're going to either pay or not pay, depending upon whether the tax refund checks were issued, and whether they are good or not. Right? Right. And that's why . . . It just seems to me that there's an awful lot of legal fees and time of courts and so forth, trying to sort out this problem, when, in effect, you agree that the tax will be paid in the event that these checks were never issued. Your Honor, I can't state that affirmatively, because that's something that would have to be litigated through the merits of a case. But when we first moved to dismiss in the district court, we also notified the district court that we would be amendable to a transfer to the Court of Federal Claims, which is the only court that may properly hear Pfizer's claim. We had to move to dismiss because the case law and the statutes themselves warrant a finding that this claim . . . But you're saying that they can't, the only proper court, because you don't agree with their argument under 1346. That's right. And, in fact, Doolin does not support a finding that 1346 allows for a claim, a standalone claim for interest on a tax overpayment to be brought in the district court under 1346A. In Doolin, as both the district court and the Second Circuit observed, that case was started with a claim for both a refund of the overpayment itself, as well as interest on the overpayment. Sometime during the course of the litigation, the overpayment was refunded to the taxpayer. So what was left was the interest, which, as is the government's position . . . The jurisdictional hook was the overpayment. Exactly. Exactly. But the sum alleged to have been excessive or wrongfully collected is . . . There's a case that says, and I guess it's the one in the Sixth Circuit, that a sum that's alleged to have been excessive would cover this. I mean, it's not a tax or a penalty. It's got to be something else. And so, it's a sum. Right. And the Sixth Circuit's holding in that regard was erroneous because if you look at the language of the statute itself, it talks about a sum alleged to have been excessive. It's a fine distinction, but it does not allow for a claim for a sum alleged to be excessive, but to have been excessive, which means that it's an amount that has already been . . . I mean, you agree that if we agree with you, we would be creating a circuit split. Because the Sixth Circuit's scripts and the other case, those are the only circuit cases. Just scripts, and then Ford followed suit because it came after scripts. So, yes, it would be coming out a different way from the Sixth Circuit, which we think is warranted here. Looking at the plain language of the statute itself, the other cases on point, and then the Internal Revenue Code's very distinct treatment between interest on a tax overpayment versus interest on a tax underpayment, where a taxpayer owes interest when they fail to pay the full amount due. All supports a finding that a stand-alone claim for interest on the overpayment does not fall within any of the categories of claims covered by 1346A1. And even if it did, then the district court's decision that the case should be dismissed as time-barred should be affirmed because you can't . . . the language . . . Let's assume . . . now you're assuming jurisdiction under 1346 and saying that the statute is two years. That's correct. But there's nothing in 1346 that states what the statute is. You're having to read into that statute the two-year provision from other statutes that are similar. Well, it's not reading into that statute. It is looking at the fact that the 1346A1 uses the identical language as 7422A, which is the provision in the Internal Revenue Code which, along with 6532A, imposes a two-year statute of limitations on any of the categories of claims covered by 1346A1. They use the same language that was inserted into both of the predecessors of those sections by the same Act. So they cover the same category of claims. FISER's argument that the six-year statute of limitations could apply, regardless of whether a claim is brought under 1491A or 1346A1, disregards the fact that we do have a very specific two-year statute of limitations period in the Internal Revenue Code that, by virtue of 7422 using the same language as 1346A1, offers a very specific limitations period. So the six-year general statute of limitations period falls away. That's available where a claim is considered a claim against the United States founded on an Act of Congress for which only 1491A and 1346A2 provide the jurisdiction of waiver, not where you come into court invoking the jurisdiction of 1346A1. Why did the IRS write the letter of the August 4, 2014, saying there was a six-year statute of limitations? After the IRS notified FISER that its claim for interest on the tax overpayment was disallowed, it just sent a general letter noting the six-year statute of limitations period, but did not specify that that claim could be brought in district court pursuant to 1346A1. It simply notes that that six-year statute of limitations does apply because the claim is considered one for money, as you alluded to earlier, just a general money claim against the government, which is under 1491A. So if this case is turned over to the court of claims, then all of these arguments go away, right? Then the case would likely proceed on the merits barring any other procedural defenses that might arise. But, yes, the jurisdictional — Six-year statute of limitations. Yes. Right? Yes, sir. Does the government have a position on whether it's appropriate for us, after Lexmark, to assume hypothetical statutory jurisdiction? To assume hypothetical statutory jurisdiction. Statutory jurisdiction. And so assume jurisdiction under 1346 and move to the statute of limitations issue or the court of claims issues and so on. Because we would not be able to assume jurisdiction in the constitutional context. Right. I think that here the argument is that the district court never had jurisdiction. No, I know the argument. But I'm trying to see if we can circumvent the argument because we may agree or disagree. I would be wrong with an opinion saying we assume jurisdiction under 1346 and then address the statute of limitations. If this court agrees with the district court that section 1341 — 1346 — No, no, no. It's not agreeing or disagreeing. We assume. We assume that we've got jurisdiction under 1346 without deciding. Without deciding. Is there anything wrong with doing that? Assume that you have jurisdiction under 1346A1? Yes. Without deciding. For purposes of going directly to the statute. That's the question. For the purposes of deciding whether or not the two-year statute of limitations then applies. Correct. And I'm interested in the government's position on that. The government's position is that the court cannot assume jurisdiction under 1346A1 because that — Without deciding. Without deciding that that, in fact, includes a claim for — a stand-alone claim for interest on a tax overpayment. The court would have to decide that that statutory section does, in fact, include the type of claim FISA brings down. Can you provide us a letter on that issue by the end of the week? Yes, Your Honor. And both sides can provide letters at the same time by this Friday. And if this court does assume jurisdiction under 1346A1 or decides that that 1346A1 does cover FISA's claim, the court should then still affirm the district court's dismissal on the grounds that FISA's claim is time-barred because they did not satisfy the procedural requirements that the Internal Revenue Code imposes on those claims. Would that be subject to equitable tolling? That would not be subject to equitable tolling for several reasons. First, FISA raises equitable tolling only for the first time on appeal, so it's waived that argument. If they fall back on the equitable estoppel argument they raised below, again, the district court properly held that that was also waived because FISA asserted it only for the first time in its motion for reconsideration. So that answers whether they would win on equitable tolling, but is a statute of limitations under this rule subject to equitable tolling? Right. It's abstract. No. The statute of limitations at issue in this case, 6532A, is a jurisdictional statute of limitations. And the cases that FISA and the amicus in this case cited, Wong and Henderson v. Chinesky, which direct courts to examine congressional intent in determining whether or not a limitations period is jurisdictional or not, don't affect the Supreme Court's holding in Brockamp, which examined Section 6511, part of the same statutory scheme at issue here, which looked at both the detail and the technical aspects of the limitations period to find that Congress did not intend for that period to be equitably tolled. We think the court will come out the same way, even post-Wong and post-Henderson, and find that this is a jurisdictional limitation. Unless the court has any further questions, we'll rest. Thank you, Your Honor. Mr. Walton. The government's argument here adds words to Section 1346A1 that don't exist. In Section 7422, there's an express provision that says, until a claim for refund or credit has duly been filed with the Secretary. 7422 only applies on claims for refunds for taxes paid. The waiver for sovereign immunity here is Section 6611, and the government has admitted that. The six-year statute only applies because no other statute of limitations applies. The revenue rulings both state the six-year statute applies. It doesn't state they only apply in the Court of Federal Claims, and as the court in Lyons properly analyzed, and the GE Federal Circuit decision cited to Lyons for the proposition, that there is no need for FISA to file a claim. They could have just proceeded directly to court and tried to receive their interest. They filed the claim to try to save the resources and get the government to pay on a valid overpayment interest. The FISA pursued their remedies by going to IRS appeals. IRS appeals then issued the letter that said the six-year statute applies and that you need to, you know, proceed on maintaining your rights there. The government says you forfeited that argument. We did not. The district court has concurrent jurisdiction. If the district court can grant overpayment interest in connection with a refund, then the jurisdiction under 1346 should be broad enough to encompass overpayment interest on its own. There is nothing in 1346 that says that it's solely a remedy under 7422. So you made this argument before the district court that you're making to us right now? Yes. And we made that argument because the refund procedures just are not applicable to overpayment interest cases. And the only way you get to the two-year statute is if the refund procedures apply. It's clear from the case law in the Federal Circuit, from the case law in Lyons, and in other contexts where, you know, this court reversed the district court in Doolin and ordered the remedy was overpayment interest. And that was a case that the jurisdiction was analyzed by the district court under 1346A1. They held that interest was something that could be covered, and they proceeded. If the district court, upon satisfaction of the underlying tax liability, did not have jurisdiction over the overpayment interest, then this court's ruling in Doolin would have been inappropriate. Because, you know, if you can only get the tax refund through 7422 and 1346A1, then the court should have dismissed the action in Doolin because everything within its jurisdiction has been decided. The court went on to decide the overpayment interest because it is any sum as described in Scripps and as affirmed in the Sixth Circuit and Ford. All the case law and all the authorities in this area support FISA's two arguments. The Sixth Circuit supports the jurisdictional claim with Scripps and Ford. The revenue rulings, the GE case in the Federal Circuit, the Court of Federal Claims, Alexander Proudfoot, the district court in Lyons, all assert the six-year statute applies. And the only way the six-year statute can apply is if no other statute of limitations applies. Thank you. We'll reserve the decision.